# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VALENZUELA PALOMAR,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY B. SESSIONS III, et al.,<br><br>Respondents. | Case No. 1:17-cv-00638-EPG-HC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>ORDER DENYING APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 13) |

Petitioner is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 28, 2017, counsel for Petitioner filed the instant motion to withdraw as counsel and for appointment of new counsel. (ECF No. 13).

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d). Under those rules, mandatory withdrawal of an attorney is required when, among other things, counsel's "mental or physical condition renders it unreasonably difficult to carry out the employment effectively." Cal. Rule of Prof'l Conduct 3-700(B)(3).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may

consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Leatt Corp. v. Innovative Safety Tech., LLC, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Good cause exists to grant Mr. Ruben Salazar leave to withdraw as Petitioner's counsel of record. Mr. Salazar has established that he is unable to continue representation of Petitioner due to his physical and mental condition and the closure of his law office. (ECF No. 13 at 2–3). The Court finds that withdrawal will not cause prejudice to the other litigants, harm the administration of justice, or delay resolution of the case as counsel has already prepared and filed the opposition to the motion to dismiss, which has been submitted and currently is under consideration by the Court.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding *for financially eligible persons* if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Counsel prepared and filed the petition and the opposition to the motion to dismiss, which has been submitted and is under consideration by the Court. Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Moreover, Petitioner has not demonstrated that he is a financially eligible person under 18 U.S.C. § 3006A.

Accordingly, IT IS HEREBY ORDERED that:

1. The request to withdraw as counsel is GRANTED and Mr. Salazar is relieved as counsel

of record for Petitioner Arturo Valenzuela Palomar;

2. The request for appointment of substitute counsel is DENIED without prejudice;

3. Petitioner shall be substituted in to proceed in the case *pro se* and all future communications shall be directed to Petitioner directly at:

> Arturo Valenzuela Palomar
> Mesa Verde Detention Facility
> 425 Golden State Avenue
> Bakersfield, CA 93301

4. Within 30 days after entry of this Order, Mr. Salazar shall provide Petitioner with a copy of his complete case file, if he has not already done so.

Although the Court has denied appointment of counsel, Petitioner may retain new counsel to represent him in this litigation. In the event he is unable to do so, Petitioner is responsible for complying with all court rules and applicable laws. Failure to do so, and failure to comply with any order of the court, may result in sanctions or dismissal of this action. Petitioner is also advised to keep the Court apprised of his current mailing address and telephone number. Failure to do so may result in dismissal of this action.

IT IS SO ORDERED.

Dated: **January 2, 2018**　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE