# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VALENZUELA PALOMAR,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY B. SESSIONS III, et al.,<br><br>Respondents. | Case No. 1:17-cv-00638-EPG-HC<br><br>ORDER GRANTING IN PART RESPONDENTS' MOTION TO DISMISS<br><br>ORDER DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 11) |

Petitioner is a federal immigration detainee proceeding *pro se*[1] with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention pending removal proceedings. For the reasons stated herein, the Court grants in part Respondents' motion to dismiss and denies in part the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") on June 10, 2016, during a routine criminal alien program at Wasco State Prison.[2] (ECF No. 1 at 2).[3] Petitioner alleges that at that time, ICE made a custody determination that Petitioner

---

[1] On January 3, 2018, the Court granted attorney Ruben Salazar's motion to withdraw as Petitioner's counsel. (ECF No. 14).
[2] Petitioner was serving a one-year sentence for attempted burglary. (ECF No. 1 at 2).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (Id.). Petitioner subsequently was placed in removal proceedings as an alien present in the United States without being admitted or paroled, in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (ECF No. 1 at 2). Petitioner's immigration proceeding remains pending in the San Francisco Immigration Court. (Id. at 3).

On November 1, 2016, the immigration judge ("IJ") conducted a custody redetermination hearing and denied Petitioner's request for a change in custody status. (ECF No. 1 at 31). On December 5, 2016, the IJ issued a written memorandum denying custody redetermination, finding Petitioner a danger to the community in light of the seriousness of Petitioner's recent criminal activity. (ECF No. 11-1 at 2–3). Petitioner appealed the decision, and the Board of Immigration Appeals ("BIA") dismissed the appeal on March 21, 2017. (ECF No. 1 at 34–35). On March 23, 2017, Petitioner received another bond hearing. The IJ again denied Petitioner's request for a change in custody status. (ECF No. 1 at 37).

On May 3, 2017, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). On July 10, 2017, Respondents filed a motion to dismiss. (ECF No. 11). Petitioner has filed an opposition. (ECF No. 12). The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 9, 10).

## II.

## DISCUSSION

In the petition, Petitioner appears to raise the following claims for relief: (1) denial of a bond hearing before a neutral decision-maker, in violation of the Due Process Clause; (2) prolonged detention, in violation of the Due Process Clause; and (3) the immigration judge's abuse of discretion in determining that continued detention was justified given that Petitioner met his burden and demonstrated that he does not pose a danger to the community. (ECF No. 1 at 7, 12). Additionally, Petitioner alleges that he is suffering irreparable injury due to his prolonged detention, citing to publications regarding the conditions at the Mesa Verde Detention Facility and its distance from the immigration court. (Id. at 9–10). Petitioner requests for relief include, *inter alia*, that the Court "issue a declaratory judgment stating that Petitioner is eligible to be

immediately released on bond," "issue a declaratory statement that the Immigration Court has abused its discretion," and "order that Petitioner be released immediately from DHS custody either without bond or with bond in a reasonable amount to be determined by this Court." (ECF No. 1 at 13).

In the motion to dismiss, Respondents argue that the petition should be dismissed on the following grounds: (1) lack of jurisdiction to review the immigration judge's discretionary bond determination pursuant to 8 U.S.C. § 1226(e); (2) failure to exhaust administrative remedies with respect to the March 23, 2017 bond hearing; and (3) any challenge to the initial bond hearing is stale in light of Petitioner's subsequent bond hearing. (ECF No. 11 at 5, 7). Regardless, Respondents contend that the petition should be denied on the merits as Petitioner has been provided adequate due process. (Id. at 7).

**A. Immigration Bond Hearings**

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

With respect to initial bond determinations, the Ninth Circuit has described the procedure as follows:

> When a non-citizen is detained pursuant to § 1226(a), "the [Department of Homeland Security ("DHS")] district director makes an initial custody determination and may allow the alien's release on bond." Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) (citing 8 C.F.R. § 236.1(d)). "If the alien objects to the director's bond determination, he may request a bond redetermination hearing before an IJ at any time before the issuance of an administratively final order of removal." Id. (citing 8 C.F.R. §§ 236.1(d), 1003.19(c)). At this stage, the burden is on the non-citizen to "establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006).
>
> If the DHS officer or IJ determines that the non-citizen does not pose a danger and is likely to appear at future proceedings, then he may release the non-citizen on bond or other conditions of release.

3

> See Prieto-Romero, 534 F.3d at 1058; 8 C.F.R. §§ 236.1(d), 1003.19. If the non-citizen disagrees with the IJ's bond determination or wishes to challenge the amount of bond set by the IJ, he may also "appeal the IJ's bond decision to the BIA." Prieto-Romero, 534 F.3d at 1058 (citing 8 C.F.R. § 236.1(d)(3)).

Hernandez v. Sessions, 872 F.3d 976, 982–83 (9th Cir. 2017) (footnotes omitted). To determine whether the noncitizen has established that he does not present a flight risk or danger to the community, the IJ must consider the factors set forth in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006). Prieto-Romero, 534 F.3d at 1066.

The Ninth Circuit has held that a noncitizen subjected to prolonged detention[4] under § 1226(a) is entitled to a hearing and individualized determination as to whether continued detention is necessary based on dangerousness or flight risk. Casas-Castrillon v. Dept. of Homeland Sec., 535 F.3d 942, 949–52 (9th Cir. 2008). Additionally, "the government must provide periodic bond hearings every six months so that noncitizens may challenge their continued detention as 'the period of . . . confinement grows.'" Rodriguez v. Robbins (Rodriguez III), 804 F.3d 1060, 1089 (9th Cir. 2015)[5] (quoting Diouf v. Napolitano (Diouf II), 634 F.3d 1081, 1091 (9th Cir. 2011)). "At these 'Rodriguez hearings,' unlike at the initial bond determination, 'the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.'" Hernandez, 872 F.3d at 983 n.8 (quoting Rodriguez III, 804 F.3d at 1087).

**B. Jurisdiction**

Relying on 8 U.S.C. § 1226(e), Respondents argue that this Court "lacks jurisdiction over Petitioner's claim that the immigration judge's decision to detain him initially was based on an erroneous determination that he is a danger to the community." (ECF No. 11 at 7).

Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court

---

[4] "As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011).

[5] The Supreme Court granted *certiorari*. Jennings v. Rodriguez, 136 S. Ct. 2489, 195 L. Ed. 2d 821 (2016). On October 3, 2017, the parties reargued the case. Docket for Case No. 15-1204, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/15-1204.html (last visited Jan. 29, 2018). Rodriguez III is controlling precedent in the Ninth Circuit until the Supreme Court issues its decision.

4

> may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). The Ninth Circuit has held that "[a]lthough § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011). Therefore, while "the Attorney General's 'discretionary judgment . . . shall not be subject to review,' claims that the discretionary process itself was constitutionally flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" Id. (quoting Gutierrez-Chavez v. INS, 298 F.3d 824, 829 (9th Cir. 2002)).

To the extent Petitioner asks this Court to reverse the IJ's denial of release on bond and find that Petitioner is eligible to be released on bond, the Court lacks jurisdiction and dismissal is warranted. See 8 U.S.C. § 1226(e); Torres-Aguilar v. I.N.S., 246 F.3d 1267, 1271 (9th Cir. 2001) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Accordingly, the Court will grant Respondents' motion to dismiss with respect to Petitioner's claim that the IJ abused his discretion in determining that continued detention was justified and denying bond.

However, claims that the discretionary process itself was constitutionally flawed are cognizable in federal habeas corpus, Singh, 638 F.3d at 1202, and dismissal is not warranted with respect to those claims. Accordingly, the Court has jurisdiction over Petitioner's claims that denial of a bond hearing before a neutral decision-maker and his prolonged detention violate due process, and addresses these issues on the merits below.

**C. Exhaustion**

Respondents argue that the petition should be dismissed because Petitioner failed to exhaust administrative remedies with respect to his March 23, 2017 bond hearing. (ECF No. 11 at 5). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id.

1    Here, Petitioner has exhausted his administrative remedies with respect to the November
2    1, 2016 initial bond hearing. (ECF No. 1 at 34–35). In the opposition to the motion to dismiss,
3    Petitioner clarifies that he is not challenging his most recent Rodriguez bond hearing, which
4    occurred on March 23, 2017. (ECF No. 12 at 4). Accordingly, the Court finds that dismissal is
5    not warranted on exhaustion grounds.

**D. Mootness**

Respondents argue that the petition should be dismissed because any challenge to the initial bond hearing is stale in light of Petitioner's subsequent Rodriguez bond hearing. (ECF No. 11 at 6–7). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

One exception to the mootness doctrine is "a special category of disputes that are 'capable of repetition' while 'evading review.'" Turner v. Rogers, 564 U.S. 431, 439 (2011) (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)). This exception applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). "The capable of repetition, yet evading review exception has been applied to permit appellate review of constitutional or statutory challenges to pretrial and other initial proceedings despite the regular progression of further proceedings making it 'no longer possible to remedy the particular grievance giving rise to the litigation.'" Sherman v. U.S. Parole Comm'n, 502 F.3d 869, 872 (9th Cir. 2007) (quoting United States v. Howard, 480 F.3d 1005, 1009 (9th Cir. 2007)).

The Ninth Circuit has held that "the government must provide periodic bond hearings every six months so that noncitizens may challenge their continued detention as the period of . . .

confinement grows." Rodriguez III, 804 F.3d at 1089 (internal quotation marks and citation omitted). Therefore, Petitioner's detention that was authorized by the initial bond hearing is in its duration too short to be fully litigated before the government "takes further action providing superceding authority for the detention." Sherman, 502 F.3d at 872 (applying capable of repetition yet evading review exception to parolee's challenge to initial detention pursuant to parole violator warrant that was later authorized pursuant to preliminary hearing and revocation hearing).

Additionally, there is a reasonable expectation that the same complaining party will be subjected to the same action again. Petitioner has been detained since June 2016; as of the filing of the instant petition, Petitioner has had two bond hearings and has not been released. Pursuant to Rodriguez III, Petitioner is entitled to a bond hearing every six months. As Petitioner will be subjected to bond hearings every six months while he remains detained pending completion of his removal proceedings, the instant petition is not moot because the underlying dispute is capable of repetition, yet evading review.

Accordingly, dismissal is not warranted on mootness grounds and the Court will proceed to address Petitioner's claims with respect to the November 1, 2016 initial bond hearing.

**E. Due Process**

1. Neutral Decision Maker

Petitioner asserts that he "is entitled to a bond hearing before a *neutral* decision-maker *other than a DHS official*" and contests "DHS's refusal to provide a hearing before a *neutral* judge." (ECF No. 1 at 7 ¶¶ 22, 23). On November 1, 2016, Petitioner appeared before an IJ for a bond hearing. (ECF No. 1 at 31). Petitioner provides no factual allegations to support his assertion that the IJ was not neutral. To the extent Petitioner argues that no immigration judge can be a neutral decision maker, the Court finds such argument to be unpersuasive. See Casas, 535 F.3d at 950 (referencing an immigration judge as a neutral decision maker). Accordingly, Petitioner is not entitled to habeas relief on this ground.

2. Prolonged Detention

Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), and Demore v. Kim, 538 U.S. 510

(2003), Petitioner asserts that his prolonged detention is unconstitutional. (ECF No. 1 at 8). Zadvydas involved a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." Prieto-Romero, 534 F.3d at 1062 (citing Zadvydas, 533 U.S. at 684–86). The Supreme Court held that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. Thus, after a presumptively reasonable detention period of six months, a noncitizen was entitled to release if "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Petitioner's case is distinguishable from Zadvydas because Petitioner's detention is authorized by § 1226(a) rather than § 1231(a)(6). Additionally, unlike the petitioners in Zadvydas, Petitioner "is not stuck in a 'removable-but-unremovable limbo'" and Petitioner does not allege that his receiving country lacks a repatriation treaty with the United States or will refuse to accept him in the event Petitioner is unsuccessful in challenging the removal proceedings. Prieto-Romero, 534 F.3d at 1063. Petitioner's "detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in Zadvydas." Id.

Demore concerned § 1226(c), which proscribes mandatory detention for noncitizens convicted of certain crimes. Demore, 538 U.S. at 513. In Demore, the Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in Zadvydas." Id. at 529. Citing Demore, Petitioner asserts that "case law indicates that mandatory detention which lasts more than a period of 6 months is unconstitutional." (ECF No. 1 at 8 ¶ 30) (emphasis deleted). Prolonged detention is not *per se*

unconstitutional. Rather, after <u>Zadvydas</u> and <u>Demore</u>, the Ninth Circuit has recognized that "prolonged detention *without adequate procedural protections* would raise serious constitutional concerns." <u>Casas</u>, 535 F.3d at 950 (emphasis added).

Here, Petitioner received the process he was due: an individualized determination by an IJ who identified the correct legal standard and looked at the <u>Guerra</u> factors in determining whether Petitioner posed a danger or flight risk. (ECF No. 11-1 at 2–3). Petitioner asserts that the IJ wrongfully interpreted and applied the statute. (ECF No. 1 at 7 ¶ 21; ECF No. 12 at 5). However, Petitioner does not specify in what way the IJ committed legal error. Rather, Petitioner merely asserts that the "refusal to establish a bond is unjustified, unreasonable, and contrary to law." (<u>Id.</u>). As Petitioner has received adequate procedural protections, Petitioner is not entitled to habeas relief with respect to his prolonged detention and the November 1, 2016 initial bond hearing.

### F. Mesa Verde Detention Facility

In the opposition to the motion to dismiss, Petitioner asserts that the petition raises claims relating to the conditions at the Mesa Verde Detention Facility and its distance from the immigration courts. (ECF No. 12 at 6–7). As these issues were not addressed in Respondents' motion to dismiss, the Court will order that Respondents file a response with respect to these issues.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The motion to dismiss (ECF No. 11) is GRANTED IN PART with respect to Petitioner's claim that the IJ abused his discretion in determining that continued detention was justified and denying bond.

2. The petition for writ of habeas corpus is DENIED IN PART with respect to Petitioner's claims regarding his prolonged detention and the November 1, 2016 initial bond hearing.

3. Within **SIXTY (60) days** of the date of service of this order, Respondents SHALL FILE a RESPONSE to the issues regarding the Mesa Verde Detention Facility. <u>See</u> Rule 4,

Rules Governing Section 2254 Cases;[6] <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the remaining issues. Any argument by Respondents that Petitioner has procedurally defaulted the claims SHALL BE MADE in the ANSWER, but must also address the merits of the claims asserted.

    B. A MOTION TO DISMISS the remaining issues.

4. Within **SIXTY (60) days** after service of this order, Respondents SHALL FILE any and all transcripts or other documents necessary for the resolution of the remaining issues. See Rule 5(c), Rules Governing Section 2254 Cases.

5. If Respondents file an Answer, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date of service of Respondents' Answer. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

6. If Respondents file a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date of service of Respondents' Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days** after the service of the Motion or when the Reply is filed, whichever comes first. See Local Rule 230(l).

IT IS SO ORDERED.

Dated:   **February 14, 2018**             /s/ Erica P. Grosjean
                                                           UNITED STATES MAGISTRATE JUDGE

---

[6] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).