# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VALENZUELA PALOMAR, Petitioner, v. JEFFREY B. SESSIONS III, et al., Respondents. | Case No. 1:17-cv-00638-EPG-HC<br><br>ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 16) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his detention pending removal proceedings. As Petitioner has voluntarily departed the United States, the Court will grant Respondents' motion to dismiss.

**I.**

**BACKGROUND**

Petitioner was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") on June 10, 2016. (ECF No. 1 at 2).[1] Petitioner subsequently was placed in removal proceedings as an alien present in the United States without being admitted or paroled, in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (ECF No. 1 at 2).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1      On May 3, 2017, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner challenged his prolonged detention in addition to raising various issues related to the conditions at the Mesa Verde Detention Facility and its distance from the immigration courts. Respondents moved to dismiss the petition. (ECF No. 11).

On February 15, 2018, the Court granted Respondents' motion to dismiss in part with respect to Petitioner's claim that the immigration judge abused his discretion in determining that continued detention was justified and denying bond. The Court also denied the habeas petition in part with respect to Petitioner's claims regarding his prolonged detention and the November 1, 2016 initial bond hearing. The Court ordered Respondents to file a response to the remaining issues regarding the Mesa Verde Detention Facility. (ECF No. 15).

That same day, Respondents filed the instant motion to dismiss. (ECF No. 16). Therein, Respondents inform the Court that Petitioner departed the United States pursuant to an order of voluntary departure. (ECF No. 16 at 1; ECF No. 16-1). Respondents move to dismiss the petition as moot.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, Petitioner voluntarily departed the United States on December 1, 2017. (ECF No. 16-1 at 5). Therefore, Petitioner is no longer subject to the conditions at the Mesa Verde Detention Facility, which is the basis for the remaining claims in the habeas petition. "Because he has been released, there is no further relief [the Court] can provide," and the petition will be dismissed as moot. Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991).

///

## III.
## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The motion to dismiss (ECF No. 16) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as moot; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **February 28, 2018**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE